IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMONIQUE JORDAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3633 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                 **SEPTEMBER 26, 2018**

In this civil action, plaintiff Domonique Jordan brings claims against the Commonwealth of Pennsylvania, Delaware County, the Honorable Robert J. Radano, Stephanie Lucker Wills, the Honorable Ann Berardocco, and John J. Whelan (formerly the District Attorney for Delaware County), claiming that he was falsely arrested and maliciously prosecuted.[1] Jordan seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jordan leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.    FACTS[2]**

Jordan alleges that he "was false[ly] arrested kidnapped jailed and prosecuted" and that his "property [was] unlawfully seized." (Compl. ECF No. 2 at 3.)[3] Jordan does not raise any

---

[1] Jordan's filings reference other individuals whom he appears to believe wronged him but those individuals were not clearly listed in the caption or the second page of the Complaint as Defendants in accordance with Federal Rule of Civil Procedure 10(a). As the Court may not guess at who Jordan might be naming as Defendants, the Court will not address any claims that Jordan may have intended to raise against other individuals.

[2] The facts are taken from the Complaint, documents attached to the Complaint, and public dockets for the criminal proceedings underlying this case.

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

1

additional factual allegations in his Complaint. Rather, he attaches documents to his Complaint reflecting that he was arrested and charged in a criminal proceeding in state court.

Those exhibits, as well as the public record, reflect that on March 29, 2017, Jordan was arrested and charged in Delaware County with possession of a weapon on school property. *See Commonwealth v. Jordan*, Docket No. MJ-32134-CR-0000034-2017. According to the docket, Judge Berardocco set bail for Jordan, which he ultimately posted. The case was assigned to Judge Radano, who arraigned Jordan and held the charges for court after a preliminary hearing on April 25, 2017. On June 30, 2017, the charges were nolle prossed. *See Commonwealth v. Jordan*, CP-23-CR-0002567-2017 (Ct. of Common Pleas of Del. Cty.). According to the docket, Jordan's bail was refunded, but his motion for return of property was denied. The docket also reflects that Stephanie Lucker Wills prosecuted the case on behalf of the Commonwealth.

Jordan attached to his Complaint documents reflecting that he is challenging his arrest and prosecution. Some of the allegations in those documents are nonsensical. However, one portion appears to apply to Jordan's claims, which provides:

> On March 29th 2017 aggrieved party was falsily [sic] arrested property seized by an malicious attempt to prosecute Abuse of process an constitutionally secured liberty under false conditions under defamatory statements being labeled as 'black' on paper by courts it police et al being defamed on the news on internet showing my face putting my address out there endangering my life the claimant had legal and lawful status under the constitution 9th amendment. "chitwood said it was still illegal for him to carry a gun at school" "you're not allowed to carry a firearm on school property." "this guy was hired to take care of special needs student, but he was ready for war" obviously its stupidity 101 to carry a gun with 45 46 rounds of ammunition inside school.
> publicly humiliated being subjected to ridicule disgrace. Tortfeasors is an business in the state of Pennsylvania Delaware County County of Delaware et al meaning its agents agencies employees subcontractors assignors trustees or legates. Subjected to all state laws relative to torts, slander per se negligence & nuisance defamatory claims. County of Delaware is an Municipal Administrative Instrumentality of the State of Pennsylvania, the Commonwealth Inc and the united states administrative government.

2

(Compl. at 16.)

Jordan alleges that his claims are based on the "Treaty of Peace & Friendship 1787." (Compl. at 2.) The Court also construes the Complaint as raising Fourth Amendment claims pursuant to 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution. Although unclear, Jordan may also be raising a claims based on the seizure of his property. As relief, he seeks damages.

Shortly after filing his Complaint, Jordan submitted an additional document to the Court in what appears to be the form of an affidavit. (ECF No. 4.) The affidavit references individuals who appear to have been involved in Jordan's arrest and prosecution, but who were not named as Defendants in the Complaint. The affidavit again invokes the Treaty of Peace and Friendship, and raises allegations similar to those recounted above.

## II. STANDARD OF REVIEW

The Court grants Jordan leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id*. The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch.*

*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

### III. DISCUSSION

#### A. Claims Based on Treaty of Peace and Friendship

The Court will dismiss as frivolous all claims based on the Treaty of Peace and Friendship, which does not provide a basis for a civil cause of action. *See, e.g.*, *Sabirin-El v. Soc'y for Indus. Applied Mathematics*, No. CIV.A. 14-3961, 2014 WL 3346467, at *2 (E.D. Pa. July 8, 2014). To the extent Jordan is relying on "Moorish" or "sovereign" themes to pursue his claims, courts have repeatedly rejected such claims as lacking any legitimate basis in a civil lawsuit. *See Bey v. Hillside Twp. Municipal Ct.*, Civ. A. Nos. 11-7343 & 11-7351, 2012 WL 714575 (D.N.J. Mar. 5, 2012). While Jordan may challenge his arrest and prosecution, he may not rely on nonsensical theories that have no legal basis.

#### B. Section 1983 Claims

As noted above, the Court has construed Jordan's Complaint as raising claims under 42 U.S.C. § 1983, which provides the proper legal basis for challenging his arrest and prosecution, provided that there is a basis to do so. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988). Here, Jordan's Complaint fails to state a claim against the Defendants for the following reason.

1. **Claims Against the Commonwealth of Pennsylvania**

Jordan cannot state a claim against the Commonwealth of Pennsylvania. The Commonwealth is entitled to Eleventh Amendment immunity and is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the Court must dismiss Jordan's claims against the Commonwealth.

2. **Claims Against Judges Radaro and Berardocco**

Although unclear, it appears that Jordan is raising claims against Judges Radaro and Berardocco based on those Judges' decisions in his criminal case, over which they presided. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As judicial immunity would prevent Jordan from proceeding against Judges Radaro and Berardocco based on how they handled his criminal case, the Court will dismiss Jordan's claims against those Defendants.

3. **Claims against Wills and Whelan**

Although unclear, it appears that Jordan is raising claims against Wills, the prosecutor who handled his case, and Whelan, the former District Attorney, based on the fact that those two Defendants were responsible for charging him and prosecuting him. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other

5

supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As Wills and Whelan are entitled to prosecutorial immunity for initiating and pursuing a prosecution against Jordan, the Court will dismiss Jordan's claims against those Defendants.

### 4. Claims Against Delaware County

Jordan has also failed to state a claim against Delaware County. To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, Jordan has not identified a municipal policy or custom that led to the claimed constitutional violations, so his claims against the County fail.

### 5. Additional Pleading Problems

To state a claim for false arrest or false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. A plaintiff alleging malicious prosecution must establish that the defendants initiated a criminal proceeding against the plaintiff—without probable cause and

6

with malice—and that the proceeding terminated in the plaintiff's favor. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, Jordan has failed to allege sufficient facts to support a plausible claim that he was falsely arrested. He has not clearly alleged what happened and why the events that occurred did not provide probable cause to arrest and prosecute him. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Accordingly, the Complaint does not state a claim as pled.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Jordan's Complaint. Jordan will be given leave to file an amended complaint so he can clarify the basis for his claims. However, any amended complaint shall not raise claims against the Commonwealth, pursue claims that are barred by judicial or prosecutorial immunity, or raise claims under the Treaty of Peace and Friendship. An appropriate Order follows.